**In re AIR CRASH AT CHARLOTTE, NORTH CAROLINA ON JULY 2, 1994.**

**No. 3:95–1041–17.
MDL 1041.**

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 27, 1997.

---

5. Magistrate Judge Joseph McCrorey was appointed to preside at that deposition.

James Wilton Orr, Bowers, Orr & Dougall, Columbia, SC, Lawrence Edward Richter, Jr., The Richter Firm, Mt. Pleasant, SC, William Parham Simpson, Haynsworth, Marion, McKay & Guerard, Columbia, SC, Michael L. Baum, Kananack, Murgatroyd, Baum & Hedlund, Los Angeles, CA, Frank H. Granito, Speiser, Krause, Madole & Nolan, New York, NY, Marc Moller, Kreindler & Kreindler, New York, NY, David E. Rapoport, Rapoport & Kupets Law Offices, Rosemont, IL, for Plaintiffs' Steering Committee.

Mark A. Dombroff, Tom Almy, Dombroff and Gilmore, Washington, DC, Edward Wade Mullins, Jr., Nelson, Mullins, Riley & Scarborough, Columbia, SC, Richard B. Watson, Nelson, Mullins, Riley & Scarborough, Charleston, SC, for Defendant USAir.

Patrick E. Bradley, Douglas Coleman, U.S. Department of Justice, Torts Branch, Civil Division, Washington, DC, Raymond E. Clark, Asst. U.S. Atty., Columbia, SC, for Defendant U.S.

## ORDER EXCLUDING USE OF DEPOSITION TESTIMONY OF DOCTORS ORASANU AND PROCTOR

JOSEPH F. ANDERSON, Jr., District Judge.

This order memorializes the court's reasons for excluding the expert opinion testimony of two witnesses proffered by defendant USAir, Inc. in the trial of this case. These two witnesses, Doctors Judith Orasanu and Fred H. Proctor, were both offered by deposition. For the reasons set forth herein, this court excluded the testimony of these two witnesses to the extent it consists of expert opinion testimony.

### BACKGROUND

Doctors Orasanu and Proctor were apparently identified as potential witnesses of some form early in this litigation either because they had been named as witnesses by the United States of America ("Government") which was then a defendant in this action, or because both witnesses had been involved in the National Transportation Safety Board ("NTSB") investigation of the air disaster which gave rise to the present multidistrict litigation.

Defendant USAir noticed the depositions of these two witnesses, both of whom are employees of the Government. These depositions were conducted on February 27, 1996 (Proctor) and March 10, 1996 (Orasanu). Plaintiffs attended and questioned these witnesses at their depositions.

It appears from the depositions that these witnesses had very little, if any, direct knowledge of the matters at issue. Neither per-

sonally observed or was involved in any event at issue in this case. Rather, both were involved in various portions of the NTSB investigation and testified at the NTSB hearings regarding their investigations and conclusions.[1]

Although these witnesses were identified in some form and were subjected to early depositions during (or within a few days of) the period set for factual discovery, they were never named as expert witnesses by USAir or by the Government. *See* note 2 *infra* (deadlines). Indeed, USAir apparently never indicated an intent to call these witnesses at all until well after the time for all discovery was closed.[2]

If these witnesses had been named, particularly as experts, it would most likely have been by the Government. In early April 1996, however, the Government admitted that its air traffic controllers were negligent and were a cause of the accident. This occurred one or two days before the time experts were to be designated by the defendants.[3] The admission foreclosed the requirement that the Government disclose experts.

Apparently these witnesses were never again named or discussed as witnesses until they appeared on USAir's list of witnesses expected to be called for trial. By contrast, USAir did provide extensive disclosures as to five identified expert witnesses, all of whom were apparently subjected to later depositions.

By motion *in limine* filed January 14, 1997, plaintiffs sought to preclude the use of undisclosed expert opinion testimony at trial.

This motion related primarily, if not exclusively, to the testimony of USAir employees who were identified as fact witnesses but not as experts. On January 21, 1997, plaintiffs filed a second motion seeking specifically to exclude use of or reference to Dr. Orasanu's testimony.[4] At various times throughout this trial, which is now in its sixth week, plaintiff objected to defendant's attempts to introduce expert opinion testimony from persons not disclosed as experts. This included oral objection to the testimony of Doctors Orasanu and Proctor.

## DISCUSSION

Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure sets forth specific disclosures to be made as to expert witnesses. This is in addition to the disclosures required in regard to regular fact witnesses. *See* Fed.R.Civ.P. 26(a)(1)(A). These disclosure requirements were in effect in this multi-district litigation. The case management orders specifically set expert report disclosure dates and established subsequent staggered deadlines for expert depositions. *See* Case Management Order # 4 (filed February 13, 1996).

■ It is clearly within the court's power under Rule 37(c)(1) to exclude witnesses who are not properly identified. See Charles A. Wright, Arthur R. Miller and Richard L. Marcus, 8A *Federal Practice and Procedure* § 2289 (automatic exclusion provisions of Rule 37(c)(1) apply to required disclosures from expert witnesses and to discrete areas of offered testimony); *Id.* § 2031.1 (stating

---

1. As discussed at trial and in other orders of this court, any conclusions or opinions contained in the NTSB reports cannot be offered as evidence in this trial.

2. Pursuant to the case management orders entered in this case, this court directed the parties to serve but not file discovery responses. This court does not, therefore, have before it any witness disclosures that USAir may have provided to the plaintiffs. At the hearing on this matter, USAir suggested that it may not have been asked to identify potential witnesses at any point before trial. While this seems unlikely given the scope of discovery in this case, it is, in any case, of little moment. The question is whether USAir fairly put plaintiffs on notice that these witnesses

would be called by USAir to give expert opinion testimony. There is no evidence to suggest that USAir did so.

3. The case management order then in effect set the cut off date for defendants to identify experts as required by Rule 26(a)(2) as April 10, 1996. Case Management Order # 4 (filed February 13, 1996). That same order had set the cut off date for factual discovery regarding liability and the date for plaintiffs to identify experts as March 8, 1996.

4. The court allowed limited references to Dr. Orasanu's deposition in cross-examination of one or more of plaintiffs' expert witnesses.

as to expert disclosures that "failure to list a witness should ordinarily lead to exclusion of that witness at trial"). *See also Hathcock v. Navistar Int'l Trans. Co.*, 53 F.3d 36, 40 (4th Cir.1995) (acknowledging district court's authority to impose sanctions for non-disclosure but reversing dismissal as sanction); *Basch v. Westinghouse*, 777 F.2d 165, 174–75 (4th Cir.1985) (imposing sanctions including precluding physician from offering expert testimony when he was listed only as a fact witness until after his deposition had concluded).

■ Because these witnesses were never named as expert witnesses by any party, none of the mandatory disclosures required by Rule 26(a)(2) were made. Necessarily, this precluded use of these disclosures in the depositions which did occur. Had these witnesses been identified as experts, even after the initial depositions, this court would have required the full report and would likely have allowed further depositions. *See generally* Fed.R.Civ.P. 26(b)(4)(A) ("If a report is required ... the deposition shall not be conducted until the report is provided").[5]

A second deposition, while possibly limited in some respects, would at least have allowed for discovery of further background information and a more developed cross examination (after allowing plaintiffs time to consult with their own experts). These are not insignificant matters, particularly in a case of this magnitude, which is likely to turn on expert witness testimony. The concern is further heightened here because the NASA affiliation of these witnesses might lead a jury to give their opinions undue weight, particularly if plaintiffs are denied a full opportunity to explore and challenge their qualifications and opinions.

To address the nondisclosure, defendant first argues that Rule 26(a)(2) is simply inapplicable to these witnesses because they are

not "retained or specially employed [by USAir] to provide expert testimony in the case" and are not USAir employees "whose duties as an employee of the party regularly involve giving expert testimony." *Citing* Fed.R.Civ.P. 26(a)(2)(B). For purposes of this discussion, the court presumes that because these witnesses are employees of the United States government, USAir could not have retained them as experts had it desired to do so.[6]

Were the court to adopt this line of reasoning, a party would, in effect, be able to requisition experts without retaining them. This would do a disservice both to the expert whose opinions, like an attorney's words, are his or her stock in trade, as well as to the opposing party who would be effectively denied the benefits of the carefully designed expert witness disclosure requirements. *See generally*, Reference Manual on Scientific Evidence at 27 (Federal Judicial Center 1994) (under Rule 45(c)(3)(B)(ii) expert cannot be forced to testify absent showing of undue hardship and assurance of reasonable compensation); Manual for Complex Litigation, Third § 21.48 (Federal Judicial Center 1995) (stating in discussing the importance of pretrial disclosure of expert opinions: "Management of the disclosure and discovery of expert opinions is also essential to ensure adequate preparation by the parties, avoid surprise at trial, and facilitate rulings on the admissibility of expert evidence"); and Fed.R.Civ.P. 26(a)(2) (discussed below).

As the court understands the above definition of scope, it is intended to distinguish primarily between fact witnesses who have expertise and witnesses who may be called primarily as experts, rather than to establish a loophole through which undisclosed experts may enter the witness box.

In any case, the requirement to disclose experts is set forth in Rule 26(a)(2)(A). Only

---

5. This rule would appear to be intended both to benefit the deposing party and to shorten any depositions which may occur. In some cases it might also preclude the need for a deposition.

6. For purposes of this argument, the court presumes this to be correct without deciding it to be correct. Given the interrelation of the settlement agreement between USAir and the Government

and the Government's admission of liability, USAir's inability to call these persons is not wholly beyond question. However, were they to be called in person after the settlement agreement was entered, that agreement might well be used in cross examination which would raise a whole host of difficult issues not addressed in the preadmission-settlement deposition.

the subsequent provisions, relating to the report requirement, is "limited" by this language. *See* Fed.R.Civ.P. 26(a)(2)(B). According, to Wright & Miller, this limitation was intended to protect parties from having to produce a report for those regular employees whose duties do not include giving expert testimony. Wright & Miller § 2031.1 at 440–41 (also stating that "the focus [of the Rule] is on full disclosure with respect to those people who will be called as witnesses at trial") In other words, the limitation applies to persons with expertise who are primarily fact witnesses. *Id.* at 170 n. 6 (giving treating physician example). However, as noted by the Advisory Committee, the requirements of a report may be waived or extended by the court. *Id., citing* Advisory Committee Notes, 146 F.R.D. at 635.

This court does not accept defendant's view that an employee of a former co-defendant can be exempted from the reporting requirement yet still be offered as an expert at trial. Even were this a reasonable interpretation this court would have extended the requirement had the matter been raised. Defendant's failure to name these witnesses as experts under Rule 26(a)(2)(A), however, prevented the issue from being raised.

Defendant USAir next argues that it should be allowed to offer the depositions even if these are Rule 26(a)(2) witnesses because plaintiffs have not been prejudiced by any failure to list these witnesses as experts. This argument rests on defendant's assertion that plaintiffs knew what opinions these experts would offer by their early depositions.

This argument also misses the mark in several respects. First, as previously noted, the depositions were, for all practical purposes, taken during the fact discovery phase, and prior to the required Rule 26(a)(2) reports from defendants. The depositions were noticed by USAir, not plaintiffs. Under these circumstances, plaintiffs would have had little of the type of information normally available when conducting an ex-

pert deposition. Moreover, plaintiffs would reasonably have perceived the depositions as a search for information which might lead to admissible factual testimony or which might lead to later disclosure of the witnesses as experts. Ultimately, however, plaintiffs had no reason to believe that these witnesses would be called as experts, particularly after their employer, the United States government was effectively removed as a defendant. For these reasons, plaintiffs were not only limited in their ability to conduct cross examination during the depositions but had no reason to further research the background of these experts for possible impeachment or to obtain other experts to counter these experts' testimony.[7]

While these concerns would be important in any case, they are of even greater importance in the present case because of the shear number of witnesses and, for that matter, defendants (as to whom a variety of divergent claims were asserted). When the depositions now at issue were taken, the defendants consisted of the Government, two manufacturing companies, USAir, and two of its pilots. Claims against all but USAir have now been resolved as to liability and this trial is proceeding only against USAir. During discovery, a vast number of witnesses were identified in one manner or another as to the claims against one or more of these defendants and an extensive number of depositions were taken. Some witness' depositions required several days to complete or had to be reconvened one or more times due to objections and intervening orders. These depositions have been taken all over the country.

It would be unreasonable in any case to suggest that a party should presume every person who was deposed, and whose testimony contained or consisted of opinion testimony, could fairly be called as an expert even absent some party listing them as an expert. To make such a ruling would place an undue and unnecessary burden on the courts and litigants and lead to an extreme waste of resources. Obviously, the circumstances of

---

**7.** Although plaintiffs attended and conducted cross examinations at these depositions, it was USAir who noticed the depositions before experts were identified. USAir cannot use plaintiffs participation in a deposition noticed by defendants to deny plaintiffs the normal full notice of who will be called as an expert and all related disclosures which may be required.

the present case (discussed above) make any such suggestion even more unreasonable.

■ Finally, defendant argues that the testimony of these witnesses is admissible under Rule 701 of the Federal Rules of Evidence which has expanded the scope of allowable opinion testimony by lay witnesses. Although the allowable scope of opinion testimony has been extended under Rule 701 and recent case law, it is clearly not intended to reach so far as defendant would have it reach here. Rule 701 applies when a person not testifying as an expert offers "opinions or inferences which are ... rationally based on the perception of the witness." F.R.E. 701. As a threshold then, Rule 701 requires direct personal knowledge of a factual matter at issue. Only then does it allow introduction of limited degree of opinion testimony to help convey that information and only if the court finds it would be helpful to the jury. *See Asplundh Manu Div. v. Benton Harbor Engr.*, 57 F.3d 1190, 1198–1202 (3d Cir.1995) (affirming admission of lay opinion testimony by person with direct knowledge of facts but reversing based on admission of opinion testimony which required greater area of expertise—also discussing the outer limits of Rule 701); *MCI Telecommunications Corp. v. Wanzer*, 897 F.2d 703, 706 (4th Cir.1990) (reversing district court for excluding testimony of bookkeeper who would testify to profits based on records kept personally by her—noting the personal knowledge requirement of Rule 701).

■ These witnesses do not have any first-hand knowledge. They were participants in the NTSB investigation of this accident. They compiled information from various sources and reached conclusions after analyzing that data. In that analysis, they utilized areas of extensive expertise. To apply Rule 701 as defendant suggests would leave little need for Rules 703 through 705 and would make the expert disclosure requirements of Rule 26 a nullity.

After thoroughly reviewing the briefs of both parties on this issue, and after hearing extensive oral argument during trial, this court is convinced that it would work an extreme injustice to allow these depositions to be introduced. By contrast, defendant could have at least listed these witnesses as experts and could have sought out and disclosed its own experts on any areas which these witnesses might address which are not otherwise covered by defendant's other five experts.[8] Therefore, there is no unfair prejudice to defendant in rejecting this testimony.

Finally, this court notes that at least some of the testimony in these depositions might be subject to a motion to exclude as more prejudicial than probative (or on other grounds) given certain deficiencies in the informational basis on which the opinions were based. The court does not, however, need to reach this issue as the depositions are otherwise excluded in their entirety as to any opinion testimony.[9]

## CONCLUSION

For all of the reasons stated above, this court grants plaintiffs' written and oral motions to exclude the expert opinion testimony of the undisclosed experts, Doctors Judith Orasanu and Fred Proctor.

IT IS SO ORDERED.

---

**8.** At least some of the offered opinions appear to be in areas covered by defendants other, properly disclosed, experts.

**9.** Defendant may identify any portions which, in defendant's view, contain fact testimony. The court will review these submissions and will allow admission if there are no other evidentiary problems.